```
                    UNITED STATES DISTRICT COURT
                 FOR THE WESTERN DISTRICT OF TENNESSEE
                            WESTERN DIVISION
```

UNITES STATES OF AMERICA,

      Plaintiff,

  v.                                                  Cr. No. 10-20408-A

SHAUN DAVID CHEVEALLIER,

      Defendant.

### DEFENDANT'S POSITION WITH RESPECT TO SENTENCING FACTORS

**COMES NOW** the defendant, **Shaun Cheveallier**, by and through his counsel Doris Randle-Holt, and submits his position with respect to the sentencing factors pursuant to §6A1.2 of the United States Sentencing Commission Guidelines Manual.(Effective November 1, 2011)

**1.** The defendant and his counsel have reviewed the Presentence report together and he submits the following objections.

**2.** Mr. Cheveallier objects to **paragraph #29** which advances the position that "a person was physically restrained to facilitate the commission of the offense or offenses."

Mr. Cheveallier avers that he did not restrain any victim during his offensive conduct. The 2011 Guideline Manual defines "Physically restrained" as it means the forcible restraint of the victim such as by being tied, bound, or locked up. Although this list is not exhaustive, it is guidance to the Courts to utilize in its determination of whether any conduct occurred that can be

deemed a form restraint. Mr. Cheveallier submits that there is no conduct in the record that infers that a victim was physically restrained. Therefore, the defendant moves the Court to find that the 2 level increase for restraint of a victim is not warranted because of the facts of this case.

**3.** Mr. Cheveallier objects to the combined adjusted offense level in **paragraph #40** and the total offense level in **paragraph #44** which advocates that the offense level is 25.

Defendant submits that since his offensive conduct did not involve any form of physical restraint his total offense level should be 23. Hence he moves the Court to find that the correct offense level is 23.

**WHEREFORE, PREMISES CONSIDERED,** the defendant prays for the requested relief.

### SENTENCING MEMORANDUM

Mr. Cheveallier is a 29 year old highschool graduate with some college. He is the father of a 2 year old from his relationship with Jill Hamblin. Mr. Cheveallier has been assisting with the care of Ms. Hamblin for 10 years. She has a debilitating disease called Friedreich's Ataxia. Mr. Cheveallier has never been married, however, he would like to marry Jill if he was financially able to support her, including supplying her medically necessary equipment and other ancillary medical necessities.

Mr. Cheveallier has been counseled regarding the criteria that

2

the Court considers in determining an appropriate sentence in a federal case, such as the applicable guideline range, any extraordinary facts and circumstances that the sentencing commission has not adequately taken into consideration and certain factors outlined in 18 USC 3553(a).

"The Court is to impose a sentence sufficient, but not greater than necessary...." 18 USC 3553(a).  Further, in determining the particular sentence to be imposed, the Court shall consider the nature and circumstances of the offense.  Specifically, the Court considers the actions of defendant.  Mr. Cheveallier robbed a bank in Count one, and told a teller to put the money on the counter.  No firearm or bb gun was used.  During the first robbery of the Exxon gas station in Count Four, Mr. Cheveallier went into the store with a Crow bar and upon his return to the same Exxon in Count Five, he entered with a bb gun and promise that he would not rob the store again.  During the offensive conduct, no one was hurt and no one was verbally threatened with bodily or serious bodily injury.  With regards, to the history and characteristics of the defendant, Mr. Cheveallier's prior record reveals an attempted theft of two-six packs of beer at the age of 18 in 2001.  The defendant has no other brushes with the law.  Moreover, he successfully completed a one period of unsupervised probation.

After Mr. Cheveallier's release from the instant offense he was evaluated and seen by Dr. John Hutson on eleven occasions

3

between January 24, and July 25, 2011.  Dr. Hutson met with the defendant and interviewed his mother and his girlfriend, Jill Hamblin.  It is the opinion, of Dr. Hutson, that the likelihood of Mr. Cheveallier committing another offense is extremely low.

Therefore, the defense moves the Court for a variance and a downward departure in the adjusted offense level pursuant to **§5K2.0(a)(1)**.  The Court is asked for a sentence of time served and 5 years of supervised release.

Section **5K2.0(a)(1)** provides that;

> The sentencing court may depart from the applicable
> guideline range if-
> there exists a ....mitigating circumstance of a kind,
> or to a degree, not adequately taken into consideration
> by the Sentencing Commission in formulating the guidelines
> that , in order to advance the objectives set forth in 18
> U.S.C.§3553(a)(2), should result in a sentence different from
> that described.

In the instant case, Mr. Cheveallier is an integral part of the care of Ms. Hamblin.  He is the person that her mother calls to make repairs to her bathroom lift, car lift, and wheelchair repairs.  Further, on his days off, he takes Remme to his doctor appointments and takes Jill to her doctor appointments. He helps bathe her and performs procedures to assist her when her digestive system does not function properly.  Jill's mother is sixty-three or sixty-four years old and is also taking care of her ninety-four(94) year old mother.   Because  of Ms. Hamblin's illness, her life expectancy is between 35 and 40 years old.  She is 30 years today. She confined to a wheelchair, she cannot move her arms or legs and

today at times her speech is slurred.  She is having difficulty swallowing.  Mr. Cheveallier not only is needed to assist Ms. Hamblin but he is needed to assist her mother with Remme.

The Sentencing Commission has not taken into consideration the circumstance that this defendant is in.  His circumstance is extraordinary in that he is the co-care giver of a severely handicapped person with special needs and a small child.  As previously stated by Dr. Hutson in his report, if Mr. Cheveallier "is given any sort of significant sentence, she [Jill} in all likelihood would be deceased before he is released and who knows what would become of his son?"

Mr. Cheveallier is deeply remorseful for his conduct and very thankful for the mental health counseling he was able to receive. He apologizes to the victims, the Court, and the Community for his conduct.  Additionally, he apologizes to Jill and Remme because he knows they will not survive without him.

**WHEREFORE, PREMISES CONSIDERED**, the defendant prays for the requested relief.

>                   Respectfully submitted,
>
>                   STEPHEN B. SHANKMAN
>                   FEDERAL DEFENDER
>
>                   s/ Doris Randle-Holt
>                   First Assistant Federal Defender
>                   200 Jefferson Avenue, Suite 200
>                   Memphis, TN 38103
>                   (901) 544-3895

**CERTIFICATE OF SERVICE**

I hereby certify that a true copy of the foregoing **POSITION OF DEFENDANT WITH RESPECT TO THE SENTENCING FACTORS** has been forwarded by electronic means via the Court's electronic filing system to **Ms. Lorraine Craig**, Assistant United States Attorney, 167 N. Main, Clifford Davis/Odell Horton Federal Building, 8th floor, Suite 800 Memphis, TN, 38103; and vis email to Ms. Michelle Gonzalez, United States Probation Officer, 167 N. Main, 3rd Floor, Memphis, TN 38103.

THIS the 16th day of April 2012.

                                                         s/ /Doris Randle-Holt
                                                         First Assistant Federal Defender